IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN ROLAN, | § | |
| #201901143, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-2842-B-BN |
| | § | |
| LASALLE SOUTHWEST | § | |
| CORRECTIONS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Steven Rolan, an inmate at the Johnson County jail, initially brought *pro se* claims against the operator of the jail and individuals employed at the jail, alleging that the defendants have been deliberately indifferent to his medical needs, in violation of his constitutional rights. *See* Dkt. No. 3.

United States District Judge Jane J. Boyle referred Rolan's case to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

Through findings of fact and conclusions of law entered on September 16, 2020, the undersigned recommended that the Court dismiss Rolan's original complaint without prejudice to his filing within a reasonable time an amended complaint that cured the noted deficiencies if and where possible (the Screening FCR) [Dkt. No. 5]. Judge Boyle accepted the Screening FCR over Rolan's objections. *See Rolan v. LaSalle Sw. Corrs.*, No. 3:20-cv-2842-B-BN, 2020 WL 5995973 (N.D. Tex. Sept. 16, 2020), *rec.*

*accepted*, 2020 WL 5993802 (N.D. Tex. Oct. 9, 2020); Dkt. Nos. 7 & 8.

Rolan filed an amended complaint, re-urging his claims of deliberate indifference based on the jail's treatment of his lupus. *See* Dkt. No. 9. In support of these claims, he references exhibits that he attached to his original complaint. *See id.* at 3, 5, 7-10. These exhibits – grievances filed by Rolan with responses from jail officials – were the basis for the previous finding that Rolan's deliberate indifference claims were not plausible. And, on April 22, 2021, the undersigned entered findings of fact and conclusions of law recommending that the Court dismiss this case with prejudice [Dkt. No. 16] (the April 22 FCR).

Rolan objected. *See* Dkt. No. 18. And, considering his objections, the Court, acting out of an abundance of caution, withdrew the April 22 FCR and – to further advance the Court's consideration of Rolan's claim that Johnson County officials were deliberately indifferent to the treatment of his lupus – ordered Johnson County Sheriff Adam King to undertake a review of the subject matter that Rolan has alleged to ascertain the facts and circumstances relevant to his claims; to gather any jail and medical records related to his claims; and to file a written report under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), including, as appropriate, copies of pertinent rules and regulations; witness statements (in the form of affidavits or declarations); and applicable medical and jail records (with an authenticating business records affidavit). *See* Dkt. No. 19.

Sheriff King filed the *Martinez* report. *See* Dkt. Nos. 24 & 25. And Rolan responded and requested that the Court appoint an independent expert on lupus. *See*

Dkt. Nos. 29 & 30.

Considering Rolan's amended allegations and the authenticated medical records submitted through the *Martinez* report, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court dismiss this action with prejudice.

## Legal Standards

Under the Prison Litigation Reform Act (the PLRA), where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

The fails-to-state-a-claim language of this statute (as well as its sister statute, Section 1915(e)(2)(B)) "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings, conclusions, and recommendations provides notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted)).

Dismissal for failure to state a claim under either Section 1915A(b)(1), Section 1915(e)(2)(B)(ii), or Rule 12(b)(6) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the PLRA, the *in forma pauperis* (IFP) statute, nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11. Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-

(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by

mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). But "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

In sum, "*[p]ro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient….'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)).

And, "[o]rdinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*,

587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,'" *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)), or where a plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

A *Martinez* report – like an evidentiary hearing held under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) – is "a tool" to be used to further develop the factual basis of an *in forma pauperis* or prisoner complaint, to determine whether *sua sponte* dismissal is appropriate. *Wiley v. Thompson*, 234 F. App'x 180, 182 (5th Cir. 2007) (per curiam) (recognizing that the Fifth Circuit has "adopted the *Martinez* report as a tool" and citing *Cay v. Estelle*, 789 F.2d 318, 323 n.4, 324 (5th Cir. 1986) ("Regardless of the means used to develop the factual basis of a claim, dismissal under [either 28 U.S.C. § 1915(e) or § 1915A] is appropriate whenever it becomes clear that an IFP [or prisoner] complaint is without merit."), *overruled on other grounds by Denton v. Hernandez*, 504 U.S. 25 (1992)); *accord Hamer v. Jones*, 364 F. App'x 119, 122 n.2 (5th Cir. 2010) (per curiam) ("This court has adopted the procedures used in *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), as a tool by which an administrative record is constructed to assist in assessing prisoner litigation under 28 U.S.C. § 1915."

(citing *Norton v. Dimazana*, 122 F.3d 286, 292-93 (5th Cir. 1997))).

But information provided through "[a] *Martinez* report may not be used to resolve material disputed fact findings when they are in conflict with the pleadings or affidavits." *Newby v. Quarterman*, 325 F. App'x 345, 354 (5th Cir. 2009) (per curiam) (citing *Shabazz v. Askins*, 980 F.2d 1333, 1334-35 (10th Cir. 1992)); *accord Cardona v. Taylor*, 828 F. App'x 198, 201 (5th Cir. 2020) (per curiam) (collecting cases).

"'A bona fide factual dispute exists even when the plaintiff's factual allegations that are in conflict with the *Martinez* report are less specific or well-documented than those contained in the report.'" *Shabazz*, 980 F.2d at 1334-35 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991)). "A plausible factual allegation, even if it lacks evidentiary support, is not 'frivolous' as contemplated by § [1915(e)], even though it may not survive a motion for summary judgment." *Hall*, 935 F.2d at 1109. And, "[b]ecause pro se litigants may be unfamiliar with the requirements to sustain a cause of action, they should be provided an opportunity to controvert the facts set out in the *Martinez* report." *Id.*[1]

---

[1] *See also Bailey v. Vincent*, 694 F. App'x 283, 284 (5th Cir. 2017) (per curiam) ("[A]lthough the State raised affirmative defenses in its *Martinez* report, *Bailey* has shown no error in the district court's reliance on the report, which was otherwise proper under the circumstances." (citing *Parker v. Carpenter*, 978 F.2d 190, 191 n.2 (5th Cir. 1992) (approving the Tenth Circuit's *Martinez v. Aaron* procedures as a means "to enable the trial court to make a determination of frivolity" (cleaned up)))); *Ruiz v. Mercado*, Civ. A. No. M-14-1921, 2016 WL 1166040, at *2 (S.D. Tex. Feb. 10, 2016) ("A court may base a dismissal under 28 U.S.C. § 1915(e) 'on medical or other prison records if they are adequately identified and authenticated,' such as those included in a *Martinez* report, and medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate

## Analysis

Through his amended complaint, Rolan re-urges his claims of deliberate indifference based on the jail's treatment of his lupus. *See generally* Dkt. No. 9. In support of these claims, he references exhibits that he attached to his original complaint. *See id.* at 3, 5, 7-10. These exhibits – grievances filed by Rolan with responses from jail officials – were the basis for the finding that Rolan's deliberate indifference claims were not plausible:

> These grievances include the jail's responses, which indicate that Rolan's medical needs have not been ignored: on March 6, 2020, "You were seen by the NP on 2/24/20 she was provided with orders that have been implemented and a referral has been sent for dermatology"; on June 10, 2020, "You were seen by Dr. Wusterhausen & the NP in Feb. You were given medication then. A dermatology appt has been made & you will go in near future. The provide will be by to see you today 6/10/20"; and on June 15, 2020, "The N.P. is trying to schedule you. Scheduling is difficult during this pandemic." [Dkt. No. 3] at 6, 7, 9.
>
> "[S]ince pretrial detainees and convicted state prisoners are similarly restricted in their ability to fend for themselves, the State owes a duty to both groups that effectively confers upon them a set of constitutional rights that fall under the Court's rubric of 'basic human needs.'" *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). The basic human needs of pretrial detainees are "protected by the Due Process Clause of the Fourteenth Amendment." *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017) (citing *Cupit v. Jones*, 835 F.2d 82, 84-85 (5th Cir. 1987)), which affords them "protections [that are] 'at least as great as ... those available to a convicted prisoner,'" *Price v. Valdez*, No. 3:16-cv-3237-D, 2017 WL 3189706, at *5 (N.D. Tex. July 27, 2017) (quoting *Hare*, 74 F.3d at 639; original brackets omitted).
>
> "Constitutional challenges by pretrial detainees may be brought under two alternative theories: as an attack on a 'condition of confinement' or as an 'episodic act or omission.'" *Shepherd v. Dallas*

indifference to serious medical needs. However, 'a *Martinez* report may not be used to resolve material disputed fact findings when they are in conflict with the pleadings or affidavits.'" (citations omitted)), *rec. adopted*, 2016 WL 1162264 (S.D. Tex. Mar. 23, 2016).

*Cnty.*, 591 F.3d 445, 452 (5th Cir. 2009) (quoting *Hare*, 74 F.3d at 644-45); *accord Cadena v. El Paso Cnty.*, 946 F.3d 717, 727 (5th Cir. 2020).

"[T]here is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care." *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001). Through the procedural and substantive due process guarantees of the Fourteenth Amendment, then, "the deliberate indifference standard articulated ... in *Farmer v. Brennan*, 511 U.S. 825, 837-40 (1994), applies to pretrial detainees." *Thomas v. Mills*, 614 F. App'x 777, 778 (5th Cir. 2015) (per curiam) (citing *Hare*, 74 F.3d at 643); *see also Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019) ("Our court has based its Fourteenth Amendment case law concerning pretrial detainees on the Supreme Court's Eighth Amendment precedent concerning prisoners. Among those borrowings is our understanding of subjective deliberate indifference." (citations omitted)).

To state a constitutional claim based on how officials at the jail have responded to his requests for medical treatment for his lupus – episodic acts or omissions – Rolan must allege facts to show (or from which the Court may infer) that these officials acted with deliberate indifference such as to cause the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.)). "Deliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight." *Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009) (quoting, in turn, *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992))).

"[T]he 'failure to alleviate a significant risk that [the official] should have perceived, but did not' is insufficient to show deliberate indifference." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Farmer*, 511 U.S. at 838); *cf. id.* ("Deliberate indifference is an extremely high standard to meet."); *accord Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018). And a disagreement with medical treatment or a failure to provide additional medical treatment – alone – does not constitute deliberate indifference. *See Domino*, 239 F.3d at 756; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *see also Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (to establish a constitutional violation, a plaintiff must show that medical staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs").

The facts Rolan presents to this Court do not show that jail

officials have ignored his complaints or otherwise shown "a wanton disregard for [his] serious medical needs." *Johnson*, 729 F.2d at 1238. He may feel that he is not being evaluated by a specialist (a dermatologist) soon enough, but all Rolan has alleged is that he is frustrated with the jail's efforts to provide him additional medical care. His allegations do not therefore show that the medical care that he has received (or failed to receive) at the jail amounts to a constitutional violation.

*Rolan*, 2020 WL 5995973, at \*3-\*4.

In evaluating whether a plaintiff has alleged a plausible claim for relief, "[t]he Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes' …." *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) (quoting FED. R. CIV. P. 10(c)). In fact, Federal Rule of Civil Procedure 10(c) "prohibits the Court's ignoring exhibits attached to a complaint." *Merisier v. Johnson Cnty., Tex.*, No. 3:19-cv-2911-X-BN, 2021 WL 681443, at \*11 (N.D. Tex. Jan. 14, 2021) (citing *Gill*, 941 F.3d at 515 ("We cannot throw out the entire arrest affidavit because K.C.R. made it part of her pleading." (citing, in turn, FED. R. CIV. P. 10(c)))), *rec. accepted*, 2021 WL 674123 (N.D. Tex. Feb. 22, 2021). Instead, under that rule, "the Court must consider the exhibits that [a plaintiff] has attached to [the] complaint and then 'compare each relevant allegation in the complaint with its counterpart in the [corresponding exhibit] and decide if it is specific enough to prevent that statement in the [corresponding exhibit] from being considered.'" *Id.* at \*12 (quoting *Gill*, 941 F.3d at 515).

As a result, as the Court has recognized, Rolan's conclusory factual assertions in support of a due process violation based on deliberate indifference are undercut by the more specific evidence (the exhibits) that he has put before the Court.

And, even though Rolan filed an amended complaint that supersedes the original complaint, his specific references to the exhibits that he made part of the original pleading revives that complaint for the purpose of evaluating the plausibility of his amended claims. *Compare King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985))), *with Carroll*, 470 F.3d at 1176 ("The Federal Rules of Civil Procedure specifically allow for incorporation by reference in supplemental pleadings. Rule 10(c) reads: 'Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion.'" (citing *King*, 31 F.3d at 346)); *see, e.g.*, *RYH Props., LLC v. West*, Nos. 5:08-cv-172 & 5:09-cv-39, 2010 WL 11527429, at *3 (E.D. Tex. May 19, 2010) ("[T]he Amended Complaints should fairly be read to refer to the exhibits attached to the original Complaints. References in Plaintiffs' Amended Complaints to exhibits attached to the original Complaint are sufficiently clear and definite to put Defendants on notice of Plaintiffs' allegations." (citing *Carroll*, 470 F.3d at 1176; FED. R. CIV. P. 10(c); *Helprin v. Harcourt, Inc.*, 277 F. Supp. 2d 327, 330-31 (S.D.N.Y. 2003) ("To be incorporated by reference, the Complaint must make a clear, definite and substantial reference to the documents."))).

So, for the reasons explained in the Screening FCR – set out above and equally applicable to Rolan's amended allegations – he has not stated a plausible claim of

deliberate indifference.

Further, while the Court may not use the *Martinez* report "to resolve material disputed fact findings when they are in conflict with the pleadings or affidavits," *Newby*, 325 F. App'x at 354; *see also Cardona*, 828 F. App'x at 201, conclusory factual allegations are not material. And the Court may dismiss deliberate indifference claims as frivolous under Sections 1915(e) and 1915A based on its review of a plaintiff's medical records adequately identified and authenticated through a *Martinez* report. *See, e.g., Ruiz*, 2016 WL 1166040, at *2 (citing *Banuelos v. McFarland*, 41 F.3d 232, 234-35 (5th Cir. 1995) ("[D]ismissals [under Section 1915(e)] can be based on 'medical and other prison records' if they are 'adequately identified or authenticated.'… The district court held that Banuelos' medical-care 'claim does not involve a medical problem that is serious nor does it involve deliberate indifference.' Because this is supported by Banuelos' medical records, the district court did not err by dismissing this claim as frivolous." (citing *Wilson v. Barrientos*, 926 F.2d 480, 482-84 (5th Cir. 1991)))).

Rolan's medical records identified in the *Martinez* report, *see* Dkt. No. 25-3, and authenticated, *see* Dkt. No. 25-2 – consistent with his amended allegations – do not demonstrate, specific to his lupus, that he was either refused treatment, ignored, or treated incorrectly or otherwise evince behavior that could show a wanton disregard for a serious medical need, *see, e.g.*, Dkt. No. 25-2, ¶¶ 3-9 (summarizing the jail's treatment of Rolan's lupus with record citations).

And, because further leave to amend would be futile, this case should now be

dismissed with prejudice. *See Nixon*, 589 F. App'x at 279; *Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 484 (5th Cir. 2021) ("The district court already provided them an opportunity to amend, however, and the amended complaint is still deficient. Moreover, the plaintiffs do not indicate how they would cure their complaint if given another chance to amend. Thus, the district court did not abuse its discretion in denying leave to file a second amendment." (citing *Benfield v. Magee*, 945 F.3d 333, 339-40 (5th Cir. 2019))).

### Recommendation

The Court should dismiss Plaintiff Steven Rolan's claims as amended with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 1, 2021

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE